UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMBER VINCENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. : | CIVIL NO.: _____ |
| ) | JURY TRIAL REQUESTED |
| NAVRUZ SIDDIKOV, ) | |
| ) | |
| TAXIR LOGISTICS INC., and ) | |
| ) | |
| GLOBAL IMPERIAL TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

**Process Server:**
**Summons Contemporaneously Issued**
**For: State Farm Mutual Automobile Insurance Company,**
**as U.M. Carrier for Plaintiff, NIAC Code 25178,**
**pursuant to Tenn. Code Ann. § 56-7-1206**

## COMPLAINT

Plaintiff Amber Vincent ("Plaintiff" or "Ms. Vincent"), through counsel, and for cause of action against these Defendants, says as follows:

1. This case arises out of a violent collision which occurred on November 29, 2022, on Interstate 40 in Knox County, Tennessee, at or near mile marker 370, when Plaintiff Amber Vincent's car was struck from the rear by a tractor-trailer being driven negligently and recklessly by Defendant Navruz Siddikov as agent for the corporate defendants. Defendant Siddikov was traveling too fast under the circumstances, failed to exercise due care and failed to maintain control over the truck he was driving and, as a result, the truck crashed into the rear of Ms. Vincent's car, thrusting it forward and causing it to spin into the middle lane where Ms. Vincent's car was then struck again by a second tractor-trailer that was unable to avoid her. Ms. Vincent sustained

serious injuries in the collision, some of which appear to be permanent in nature, and was transported from the scene by ambulance. Ms. Vincent's car was a total loss.

## JURISDICTION, VENUE, AND THE PARTIES

2. Plaintiff is a citizen and resident of Rockwood, Tennessee, residing at 509 W. Rockwood Street, Rockwood, TN 37854.

3. On information and belief, Defendant Navruz Siddikov is a citizen and resident of Somerville County, New Jersey, and may be served at 1838 Amwell Road, Somerset, NJ 08873 by the Tennessee Secretary of State in accordance with Tenn. Code Ann. § 20-2-203(a)(1).

4. Defendant Taxir Logistics Inc. ("Taxir") is an Ohio domestic for-profit corporation that is a registered business entity with the Ohio Secretary of State. It maintains its principal place of business in Ohio and may be served with a copy of the Summons and Complaint by the Tennessee Secretary of State in accordance with Tenn. Code Ann. § 20-2-203(a)(1) through Taxir's Registered Agent, Sole Madjidov, at its principal office at 100 E. Campus View Boulevard, Suite 250, Columbus, Ohio 43235.

5. Defendant Global Imperial Trucking, Inc. ("Global") is a Pennsylvania domestic for-profit corporation that is a registered entity with the Pennsylvania Secretary of State. It maintains its principal place of business in Pennsylvania and may be served with a copy of the Summons and Complaint by the Tennessee Secretary of State in accordance with Tenn. Code Ann. § 20-2-203(a)(1) through Global's Agent, Ahrorjon Usmonov, at its principal office at 805 Avon Road, Philadelphia, Pennsylvania 19116.

6. This Honorable Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest

and costs, and the parties are diverse. Defendants are residents of the State of Ohio, Pennsylvania, and New Jersey.

7. This Honorable Court has personal jurisdiction over the parties pursuant to established principles of common law as well as Tennessee's long-arm statutes, including but not limited to Tenn. Code Ann. §§ 20-2-201 *et seq.*, because of, among other things, Defendants' ownership of and/or use of a tractor-trailer in this State (which caused the subject collision) and their tortious acts or omissions in this State.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the conduct that is the subject of this action occurred in this judicial district.

## FACTUAL BACKGROUND

9. On the evening of Tuesday, November 29, 2022, Plaintiff was on her way home to Rockwood, Tennessee.

10. Around 8:30 p.m., Ms. Vincent was traveling westbound on Interstate 40 in the left lane at or near mile marker 370.

11. On information and belief, immediately prior to causing the subject collision, Defendant Siddikov had been driving a tractor-trailer westbound on I-40 in the right lane, which is to be used by tractor-trailer trucks (and has a posted sign stating so). While moving into the far-left lane, Defendant Siddikov was driving too fast for the rainy conditions at that time.

12. Shortly after Defendant Siddikov had moved into the left lane, Defendant Siddikov suddenly and without warning, while still driving too fast for the conditions, crashed into the rear of Ms. Vincent's vehicle, thrusting it forward and into a spin in the middle lane (the lane to the right of where Ms. Vincent had been driving).

13. Ms. Vincent tried to maintain control of her vehicle after it was hit, but there was no way to avoid spinning around, being pushed into the middle lane, and being struck by another tractor-trailer truck that was unable to avoid her.

14. As a result of this violent collision, Ms. Vincent suffered serious injuries requiring her to be transported by ambulance to Tennova – Turkey Creek Medical Center; several of said injuries appear to be permanent in nature and have impacted and will continue to impact her daily life. Ms. Vincent is still undergoing treatment.

15. Also, as a result of this violent collision, Ms. Vincent's vehicle sustained extensive damage and was a total loss:





16. On information and belief, Defendant Siddikov was working in the course and scope of his employment and/or was an agent of Taxir Logistics, Inc., at the time of the subject collision. Plaintiff avers that Defendant Siddikov was operating the subject tractor-trailer with Defendant Taxir's permission as its agent, employee, and/or in such a manner that Taxir had the right to control Defendant Siddikov, and that Taxir is therefore liable for Plaintiff's injuries and damages based on principles of agency, *respondeat superior*, and/or vicarious liability.

17. On information and belief, the tractor-trailer that Defendant Siddikov was operating at the time of the subject collision was owned by Defendant Global Imperial Trucking, Inc. Plaintiff avers that Siddikov was operating Defendant Global's tractor-trailer with its permission as its agent, employee, and/or in such a manner that Defendant Global had the right to control Defendant Siddikov, and that Defendant Global is therefore liable for Plaintiffs' injuries and damages based on principles of agency, *respondeat superior*, and/or vicarious liability. Plaintiff also relies on all statutory and common law presumptions of agency relating to the ownership of

motor vehicles, including Tenn. Code Ann. §§ 55-10-311 and -312, as the basis for assigning liability to the Defendants for Plaintiff's injuries and damages.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE

18. Paragraphs 1 – 17 are incorporated herein by reference.

19. Defendant Siddikov had a duty to exercise reasonable care while driving the tractor-trailer referenced herein at relevant times, including at the time of the subject collision, and that duty of reasonable care required Defendant Siddikov to use due care at all times when driving, including but not limited to: keeping a proper lookout ahead; maintaining proper control of his vehicle; driving at a speed appropriate for conditions; keeping a safe distance from the vehicle ahead of him; setting, monitoring, maintaining and utilizing the tractor-trailer's brakes and braking systems appropriately; abiding by posted traffic signs, including those specifying the lanes of travel to be used by tractor-trailers; and exercising due care in the operation of the tractor-trailer.

20. Defendant Siddikov failed to use ordinary and/or reasonable care and was negligent and reckless at relevant times on November 29, 2022; his negligence was both a cause in fact and a legal cause of injuries, losses and damages to Plaintiff resulting from the collision generally described above. Defendant Siddikov's negligent acts and omissions include but are not limited to: failing to keep his vehicle under proper control; failing to keep a proper lookout ahead; failing to keep a safe distance between his vehicle and Ms. Vincent's; driving at a speed that was unsafe given the traffic conditions; failing to use due care in setting, monitoring, maintaining and/or utilizing the tractor-trailer's brakes and braking systems; failing to abide by posted traffic signs, including those directing trucks to remain in the right lane of traffic; and failing to use due care when operating the tractor-trailer.

6

21. Plaintiff specifically pleads that Defendants Taxir and Global are vicariously liable for the acts and omissions of Defendant Siddikov as their agent and/or employee pursuant to the principles of agency and/or vicarious liability. Alternatively, Plaintiff avers that Defendants Global and/or Taxir had a relationship with Defendant Siddikov in which Taxir and/or Global retained control over Defendant Siddikov in such a way that they are liable for Plaintiff's injuries based on principles of agency and/or vicarious liability.

22. Additionally, Defendant Siddikov acted recklessly when driving in the manner generally described above, including but not limited to driving at an unreasonably fast speed under the circumstances; this reckless conduct was a cause in fact and a legal cause of the collision generally described above and Plaintiff's resulting injuries, losses, and damages.

23. Accordingly, Defendants Siddikov, Global, and Taxir are jointly and severally liable to Plaintiff based on principles of negligence and agency for the reasons stated above; each such act and/or omission was a cause in fact and legal cause of Plaintiff's injuries and damages.

## COUNT II: NEGLIGENCE *PER SE*

24. Paragraphs 1 – 23 are incorporated herein by reference.

25. Defendant Siddikov's negligent acts and omissions, which caused the collision referenced above, violated the following sections of the Tennessee Code, among others, each of which constitutes negligence *per se* and was a cause in fact and a legal cause of the subject collision and Plaintiff's resulting injuries, damages, and losses:

   a. Tenn. Code Ann. § 55-8-103 (Requiring obedience of traffic laws);

   b. Tenn. Code Ann. § 55-8-124 (Prohibiting following too closely);

   c. Tenn. Code Ann. § 55-8-136 (Requiring the use of due care); and

   d. Tenn. Code Ann. § 55-8-152 (Prohibiting exceeding speed limits).

7

26. Plaintiff belongs to the class of persons protected by the standards and statutes generally referenced above, and the subject collision on November 29, 2022, is the type of incident that the standards and statutes referenced above are designed to prevent or protect against.

27. Plaintiff specifically pleads that based on information and belief, Defendants Taxir and Global are vicariously liable for the acts and omissions of Defendant Siddikov as their agent and/or employee pursuant to the principles of agency and/or vicarious liability. Alternatively, Plaintiff avers that Defendants Global and/or Taxir had a relationship with Defendant Siddikov in which Taxir and/or Global retained control over Defendant Siddikov in such a way that they are liable for Plaintiff's injuries based on principles of agency, and/or vicarious liability.

28. Accordingly, Defendants Siddikov, Global, and Taxir are jointly and severally liable to Plaintiff based on principles of negligence and agency for the reasons stated above; each such act and/or omission was a cause in fact and legal cause of Plaintiff's injuries and damages.

29. As a direct and proximate result of Defendants' negligent conduct which caused the subject collision, Plaintiff sustained serious injuries, losses and damages, some of which are permanent in nature.

## COUNT III: VICARIOUS LIABILITY UNDER AGENCY PRINCIPLES (AGAINST GLOBAL AND TAXIR)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. On information and belief, Defendant Global was the registered owner of the tractor-trailer being driven by Defendant Siddikov at the time of the subject collision.

32. On information and belief, Defendant Global was the owner listed on the title of the tractor-trailer being driven by Defendant Siddikov at the time of the subject collision.

33. On information and belief, Defendant Siddikov was operating the referenced vehicle at the time of the subject collision with Defendant Global's authority, consent, and knowledge and/or as Defendant Global's agent and/or employee.

34. On information and belief, Defendant Siddikov was operating the referenced vehicle at the time of the subject collision with Defendant Taxir's authority, consent, and knowledge and as Defendant Taxir's agent and/or employee.

35. The subject collision occurred in the course and scope of Defendant Siddikov's employment and/or work with Defendant Global and/or Defendant Taxir.

36. Plaintiff specifically pleads that Defendants Global and Taxir are vicariously liable for the negligent and reckless acts and omissions of Defendant Siddikov, as generally referenced herein, pursuant to the principles of agency, including the presumptions provided for in Tenn. Code Ann. § 55-10-311 and -312.

37. Accordingly, Defendants are jointly and severally liable to Plaintiffs based upon principles of negligence, recklessness, and agency for the reasons stated above, said conduct constituting the direct, legal cause of the injuries and damages suffered by Plaintiff.

## **PLAINTIFF'S RESULTING DAMAGES**

38. As a direct and proximate result of the negligent and reckless conduct which was committed by and/or is attributable to the Defendants, Plaintiff Amber Vincent has suffered serious personal injuries, some of which are permanent in nature. Consequently, Plaintiff has incurred medical expenses and will continue to incur reasonable and necessary medical expenses in the future. Plaintiff has also endured and will continue to endure losses in the enjoyment of her life and pain and discomfort from her injuries.

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Plaintiff requests compensatory damages in the amount the jury finds to be appropriate and just, based on the proof and the applicable law, in an amount no greater than five hundred fifty thousand dollars ($550,000.00) for the personal injuries suffered by Plaintiff. Further, to the extent evidence is introduced at trial which makes an award of punitive damages appropriate, then Plaintiff requests that punitive damages be assessed against the Defendants in a fair and just amount based on the jury's findings and the applicable law and in an amount not to exceed two times the amount of compensatory damages awarded. Plaintiff states these amounts for the purpose of providing general notice as of the date the Complaint is being filed and reserves the right to modify these amounts as additional information is obtained, including about Ms. Vincent's medical treatment, the progression of her injuries, the extent of her recovery, and/or damages and losses otherwise.

B. Plaintiff moves for and requests that all costs of the Court and all discretionary costs, including but not limited to all expert fees, court reporter fees, exhibit expenses, deposition expenses, any other litigation expenses, and any and all other costs allowable by statute, common law, and/or pursuant to Rule 54 of the Federal Rules of Civil Procedure, be taxed to the Defendants immediately upon entry of any Judgment in this cause. Plaintiff further moves for and requests pre-judgment interest for her property damage and all post-judgment interest allowable by common law or statute.

C. Plaintiff requests that a jury be impaneled to hear this cause and requests such other, further relief as this Honorable Court deems appropriate.

Respectfully submitted this 19th day of October, 2023.

                        By:    <u>s/Wayne A. Ritchie II</u>
                                  WAYNE A. RITCHIE II, BPR #013936
                                  SAMANTHA I. ELLIS, BPR #036709
                                  RITCHIE, DAVIES, JOHNSON
                                        & STOVALL, P.C.
                                  606 West Main Street, Suite 300
                                  Knoxville, Tennessee 37902
                                  Phone: (865) 234-2100
                                  Fax:    (865) 524-4623
                                  email: war@rdjs.law
                                  email: sellis@rdjs.law
                                  ***Attorneys for Plaintiff***